IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ANGELA OWEN                                                                                    PLAINTIFF

v.                                         Case No. 6:19-cv-6026

ARTHREX, INC.                                                                                DEFENDANT

## ORDER

Before the Court is Defendant's Partial Motion to Dismiss. (ECF No. 11). Plaintiff has filed a response. (ECF No. 15). Defendant has filed a reply. (ECF No. 19). The Court finds this matter ripe for consideration.

## BACKGROUND

This action concerns the Arthrex iBalance knee system—an artificial knee replacement device manufactured by Defendant. Plaintiff alleges that she underwent a total knee replacement and was implanted with one of Defendant's iBalance devices. Plaintiff claims that she experienced complications after her knee replacement that eventually required revision surgery to remove the iBalance device. Following her revision surgery, Plaintiff was allegedly informed that one of the iBalance' devices components was "loose" in her knee. Plaintiff was also informed that the "loose" component had been recalled by Defendant. Plaintiff filed her Complaint on February 25, 2019, bringing claims for products liability, negligence, breach of implied warranty, breach of express warranty, and intentional misrepresentation/fraud stemming from the alleged complications with the iBalance device. (ECF No. 1).

On May 3, 2019, Defendant filed the instant motion, arguing that Plaintiff's fraud claim should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it does not meet the heightened pleading standard set out in Federal Rule of Civil Procedure 9(b). (ECF No. 11). Plaintiff

opposes the motion, arguing that her allegations of fraud have satisfied Rule 9(b). In the alternative, Plaintiff asks for leave to amend her Complaint. (ECF No. 15).

**LEGAL STANDARD**

Generally, to survive a motion to dismiss under Rule 12(b)(6), a pleading must provide "a short and plain statement of the claim that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, where a Plaintiff alleges a claim for fraud, the heighted pleading standard of Rule 9(b) controls.

Rule 9(b), requires plaintiffs to plead "the circumstances constituting fraud . . . with particularity." Fed. R. Civ. P. 9(b). Under Rule 9(b), a plaintiff must plead "such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby." *Abels v. Farmers Commodities Corp.*, 259 F.3d 910, 920 (8th Cir. 2001) (internal citation and quotation omitted). In other words, the party must specify the "who, what, where, when, and how" of the alleged fraud. *United States ex rel. Costner v. URS Consultants, Inc.*, 317 F.3d 883, 888 (8th Cir. 2003). "Conclusory allegations that a defendant's conduct was fraudulent and deceptive are not sufficient to satisfy the rule." *Commercial Prop. Invs. Inc. v. Quality Inns Int'l Inc.*, 61 F.3d 639, 644 (8th Cir. 1995).

**DISCUSSION**

The Court will first address whether Plaintiff has satisfied Rule (9)b. If the Court finds that Plaintiff has failed to satisfy Rule 9(b), the Court will address whether Plaintiff should be given leave to amend her Complaint.

**I. Whether Plaintiff has Satisfied Rule 9(b)**

Plaintiff argues that her Complaint satisfies Rule 9(b) on its face because it sets forth the particulars of Defendant's alleged fraud. In support of this position, Plaintiff points to three cases in the United States District Court for the Middle District of Pennsylvania involving Defendant's

iBalance device.[1]  Plaintiff contends that her allegations satisfy Rule 9(b) because the Pennsylvania cases contain substantially similar allegations of fraud which survived Rule 9(b) challenges.

Defendant argues that Plaintiff has failed to satisfy Rule 9(b) because her Complaint does not allege (1) the identity of the individual who made the fraudulent representations, (2) the dates or locations where the fraudulent representations were made, or (3) any specific content of the fraudulent representations at issue.  Defendant also notes that the interpretation of Rule 9(b) in the Third Circuit—where the Middle District of Pennsylvania is located—is less stringent than that used by courts in the Eighth Circuit.[2]

Upon consideration, the Court finds that Plaintiff has failed to meet the pleading standard set out in Rule 9(b).  Although the Third Circuit may employ a more flexible approach, the Eighth Circuit requires plaintiffs to plead the "who, what, where, when, and how" of the alleged fraud.  *United States ex rel. Costner*, 317 F.3d at 888.  The Court has reviewed Plaintiff's Complaint in its entirety and cannot find any allegations concerning who made the allegedly fraudulent statements, when or where the statements were made, or facts pertaining to the content of the statements.  Plaintiff's allegations essentially amount to a recitation of the elements of fraud which is insufficient to meet the requirements of Rule (9)(b).  *See Commercial Prop. Invs. Inc.*, 61 F.3d at 644.  Therefore, the Court finds that Defendant's Partial Motion to Dismiss should be granted.

### II. Whether Plaintiff Should be Given Leave to Amend

The Court now turns to whether Plaintiff should be given leave to amend her Complaint.

---

[1] *Chmil v. Arthrex, Inc.*, No. 3:18-CV-01616, 2019 WL 1003596, (M.D. Pa. Feb. 27, 2019); *Mary Miller v. Arthrex, Inc.*, No. 3:18-cv-01572, (M.D. Pa. Feb. 27, 2019); *DeAntonio v. Arthrex, Inc.*, No. 3:18-CV-01571, (M.D. Pa. Feb. 27, 2019).
[2] *See Seville Indus. Mach. Corp. v. Southmost Mach. Corp.*, 742 F.2d 786, 791 (3d Cir. 1984) (holding that Rule 9(b) does not requires a plaintiff to plead date, place, or time of alleged fraud); *Titan Stone, Tile & Masonry, Inc. v. Hunt Const. Grp., Inc.*, No. CIV. 05-3362 (GEB), 2007 WL 174710, at *2 (D.N.J. Jan. 22, 2007) (stating that Third Circuit has been flexible in its application of Rule 9(b)).

Plaintiff moves for leave to amend her Complaint pursuant to Federal Rule of Civil Procedure 15(a)(2). Rule 15(a)(2) provides that generally, a court "should freely give leave [to amend] when justice so requires." Fed R. Civ P. 15(a)(2). However, a district court is within its discretion to deny leave to amend where a plaintiff has not submitted a proposed amended pleading in accord with a local procedural rule. *See, e.g., O'Neil v. Simplicity*, 574 F.3d 501, 505 (8th Cir. 2009) (holding district court does not abuse its discretion in denying leave to amend where plaintiff has not followed applicable procedural rules); *Drobnak v. Andersen Corp.*, 561 F.3d 778, 787 (8th Cir. 2009) (affirming denial of leave to amend where plaintiffs did not file proposed amended pleading, as required by the local rules or describe what changes they would make to their complaint). In the instant case, Plaintiff has not independently moved to amend her Complaint, but rather has included her request in her response to Defendant's Motion to Dismiss. Moreover, Plaintiff has not offered any details of her proposed amendments or submitted a copy of a proposed amended complaint as required by Local Rule 5.5(e). Therefore, the Court finds that Plaintiff's Motion to Amend Complaint (ECF No. 15, p. 6) should be denied.

## CONCLUSION

For the foregoing reasons, the Court finds that Defendant's Partial Motion to Dismiss (ECF No. 11) should be and hereby is **GRANTED**. Accordingly, Plaintiff's fraud/misrepresentation claim is **DISMISSED WITHOUT PREDJUDICE**.

**IT IS SO ORDERED**, this 24th day of June, 2019.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge